UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR CARRETERO-FLORES,<br><br>Defendant. | CR. NO. 2:09-380 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Hector Carretero-Flores' Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 288).) The government has filed a statement of non-opposition and stipulation to reduce defendant's sentence. (Gov't's Statement of Non-Opp'n (Docket No 315); Stipulation (Docket No. 314).)

On August 18, 2010, defendant entered into a plea agreement with the government whereby he agreed to plead guilty to one count of conspiracy to manufacture over 1,000 plants of

1

1  marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Plea
2  Agreement at 1 (Docket No. 71).)  The United States Probation
3  Office filed a presentence report on defendant, recommending a
4  total offense level of 25 and a criminal history category of III.
5  (Presentence Report ("PSR") ¶ 52.)  Defendant's offense level and
6  criminal history category yielded a Guidelines sentencing range
7  of 70 to 87 months in prison.  (Id.)  Defendant's conviction
8  under 21 U.S.C. § 841, however, subjected him to a mandatory
9  minimum sentence of 120 months.  (Id.)  The government
10 recommended a downward departure from the mandatory minimum to a
11 sentence of 90 months under section 5K1.1 of the Sentencing
12 Guidelines.  (Stipulation at ¶ 3.)

13         The court held a sentencing hearing on defendant on
14 March 14, 2011.  (Docket No 102.)  At the hearing, the court
15 sentenced defendant to 90 months in prison.  (Id.)

16         Defendant now moves to reduce his sentence pursuant to
17 Amendment 782 and 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)").
18 (Def.'s Mot.)  Section 3582(c)(2) allows a federal court to
19 "modify a term of imprisonment" where "a defendant [was]
20 sentenced . . . based on a sentencing range that has subsequently
21 been lowered by the [United States] Sentencing Commission."  18
22 U.S.C. § 3582(c)(2).  Amendment 782, promulgated by the
23 Commission in November 2014, reduced the offense level of many
24 drug crimes listed in the Guidelines' drug quantity table by two
25 levels, resulting in lower sentencing ranges in some cases.
26 United States v. Mitchell, No. 112-CR-00199-LJO-SKO, 2016 WL
27 4161082, at *1 (E.D. Cal. Aug. 4, 2016).  The parties agree that
28 defendant's total offense level under Amendment 782 is 23, (see

1  Stipulation ¶ 4; Def.'s Mot. at 1), which results in an amended
2  sentencing range of 57 to 71 months, see U.S.S.G. Ch. 5, Pt. A.
3          Though the government does not oppose defendant's
4  Motion and has stipulated to reduce his sentence to 70 months,
5  (Stipulation ¶ 6), the court does not have jurisdiction under
6  section 3582(c)(2) to approve that stipulation.  Section
7  3582(c)(2) only authorizes sentence reductions where "a defendant
8  [was] sentenced . . . based on a sentencing range that has
9  subsequently been lowered by the Sentencing Commission."  Here,
10 it is clear defendant was not sentenced based on a Guidelines
11 sentencing range.  His sentence was based on a government-
12 recommended sentence that was still above the maximum sentence of
13 his Guidelines sentencing range.  (See id. ¶¶ 2-3.)  Because
14 defendant was not sentenced "based on a sentencing range that has
15 subsequently been lowered by the Sentencing Commission," the
16 court does not have jurisdiction to reduce his sentence under
17 section 3582(c)(2).  Accordingly, the court must deny his Motion.
18         IT IS THEREFORE ORDERED that defendant's Motion to
19 reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket
20 No. 288) be, and the same hereby is, DENIED.
21 Dated:  November 28, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3